**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>PRINCETON ALTERNATIVE INCOME FUND, LP,<br><br>                   Debtor. | **On Appeal From:**<br>Case No.: 18-14603 (MBK)<br><br>Chapter 11<br>Hon. Michael B. Kaplan, U.S.B.J. |
| MICROBILT CORP.,<br>                   Appellant<br><br>v.<br><br>RANGER SPECIALTY INCOME FUND, LP, *et al.*,<br>                   Appellees. | Case No.    3:18-cv-16557-BRM<br>Hon. Brian R. Martinotti, U.S.D.J. |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Appellant MicroBilt Corporation's ("MicroBilt") appeal (ECF No. 1) of (1) the November 6, 2018 Bankruptcy Court order (ECF No. 1-1) directing the appointment of a chapter 11 trustee and (2) the November 15, 2018 Bankruptcy Court order (ECF No. 1-2) approving the appointment of Matthew Cantor as the chapter 11 trustee. Having reviewed the parties' submissions (ECF Nos. 28, 30, 31, 32, 33, & 36) in connection with the appeal and having declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below, the November 6, 2018 order (ECF No. 1-1) and the November 15, 2018 (ECF No. 1-2) order are **AFFIRMED**.

## I. BACKGROUND

This is an appeal from an order of the Bankruptcy Court directing the appointment of a chapter 11 trustee and subsequent order approving the appointment of Matthew Cantor as the trustee. Because Appellants have failed to demonstrate that Bankruptcy Court abused its discretion by authorizing the appointment of trustee, the Bankruptcy Court's orders are affirmed.

Princeton Alternative Income Fund, LP ("PAIF") is an open-ended debt fund which makes loans to consumer finance companies, which in turn loan money directly to consumers. (Joint Status Report (ECF No. 21) at 2.) A Delaware limited partnership with 10 limited partners, PAIF is a passive investment vehicle that vests all investment and operational authority in its general partner, Princeton Alternative Funding, LLC ("PAF"). (ECF No. 21, at 1-2.) PAIF and PAF (collectively, "Debtors") are the bankruptcy petitioners in the chapter 11 case below.

The Debtors have multiple creditors. One substantial creditor is MicroBilt, a consumer reporting agency which provides the office support and other infrastructure necessary for the Debtors' business operations. (ECF No. 21, at 2.)

Another major creditor is Ranger Specialty Income Fund, LP ("RSIF"), which made investments in PAIF totaling $6.8 million between March 2015 and February 2016. (ECF No. 21, at 2.) In the same time period, affiliated entity Ranger Direct Lending Trust ("RDLT") invested $55.1 million indirectly in PAIF via an offshore feeder fund named Princeton Alternative Income Offshore Fund Ltd. ("PAIF Offshore"). (ECF No. 21, at 2.) PAIF Offshore held one of the ten limited partnership interests in PAIF. (ECF No. 21, at 2.)

On March 9, 2018, the Debtors filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the District of New Jersey. (ECF No. 21, at 3.) Shortly thereafter, Ranger moved for the appointment of a chapter 11 trustee. After oral argument, the Bankruptcy Court

granted Ranger's motion and authorized the appointment of a chapter 11 trustee. (ECF No. 1-1.) The Bankruptcy Court subsequently approved the choice of Matthew Cantor as the person to serve as trustee. (ECF No. 1-2.) MicroBilt appealed. (ECF No. 1, at 1.)

## II.   JURISDICTION

This Court has mandatory appellate jurisdiction over this appeal from the Bankruptcy Court's orders concerning the appointment of a chapter 11 trustee. District courts possess jurisdiction over appeals "from final judgments, orders, and decrees" of bankruptcy courts. 28 U.S.C. § 158(a)(1). Orders appointing a bankruptcy trustee are "final" for purposes of district court appellate jurisdiction. *See In re Marvel Ent. Grp.*, 140 F.3d 463, 470-71 (3d Cir. 1998).

## III.  DECISION

MicroBilt argues that the Bankruptcy Court lacked an adequate evidentiary foundation to authorize the appointment of a chapter 11 trustee. Because sufficient evidence existed for the Bankruptcy Court to make the findings necessary for the appointment chapter 11 trustee, the Court finds that the Bankruptcy Court did not abuse its discretion.

Generally, a chapter 11 debtor serves as the trustee of its own bankruptcy estate as a debtor-in-possession. *See* 11 U.S.C. § 1107(a). However, the Bankruptcy Court must order the appointment of a separate trustee

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a). "The party moving for appointment of a trustee . . . must prove the need for

a trustee under either subsection by clear and convincing evidence." *In re G-I Holdings, Inc.*, 385 F.3d 313, 317-18 (3d Cir. 2004) (quoting *In re Marvel Ent. Grp.*, 140 F.3d 463, 473 (3d Cir. 1998)).[1] This Court reviews a bankruptcy court's appointment orders for abuse of discretion. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1226 (3d Cir. 1989).

A.   **Evidentiary Hearing**

As an initial matter, the Court finds that the Bankruptcy Court was not required to hold an evidentiary hearing. This Court is unable to find any case law in this Circuit which directly addresses whether an evidentiary hearing is or is not required when the appointment of a chapter 11 trustee is contemplated. However, controlling case law clearly dictates that the appointment is at the court's discretion. *See Marvel*, 140 F.3d at 474 ("[Section 1104(a)(2)] gives the district court discretion to appoint a trustee 'when to do so would serve the parties' and estate's interests.'"). Courts must consider the totality of the circumstances and determine whether the need for appointment has been demonstrated by clear and convincing evidence. *See, e.g.*, *G-I Holdings*, 385 F.3d at 320 (holding that the party asking for the appointment of a trustee bears the burden of persuasion by clear and convincing evidence); *In re Grasso*, 490 B.R. 500, 527-28 (Bankr. E.D. Pa. 2013) ("To determine whether appointment is warranted, bankruptcy courts are required to consider the totality of the circumstances.").

Many out-of-circuit courts expressly take the position that no evidentiary hearing is required because of the wide discretion afforded to the bankruptcy court under § 1104(a)(2). *See,*

---

[1] The Court rejects the U.S. Trustee's argument that the Bankruptcy Court need only determine the need for a trustee by a preponderance of the evidence. (ECF No. 31, at 36-39.) Even if this Court agreed with the U.S. Trustee and disagreed with *G-I Holdings* and *Marvel*, the Third Circuit's decisions bind this Court. *See, e.g.*, *Valspar Corp. v. E.I. Du Pont De Nemours & Co.*, 873 F.3d 185, 203 (3d Cir. 2017). Accordingly, the Court affirms the Bankruptcy Court's application of a clear-and-convincing standard.

*e.g.*, *In re Casco Bay Lines, Inc.*, 17 B.R. 946 (B.A.P. 1st Cir. 1982) (holding that a bankruptcy court's failure to conduct an evidentiary hearing on the appointment of a trustee in chapter 11 proceeding was not error, because no hearing was needed in view of the undisputed facts on which the bankruptcy court relied); *In re Basil St. Partners, LLC*, 477 B.R. 856, 867 (Bankr. M.D. Fla. 2012) ("In the context of an appointment of a chapter 11 trustee, a full evidentiary hearing is not required, as courts enjoy wide discretion under § 1104(a)(2) to appoint a trustee."); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 167 (Bankr. S.D.N.Y. 1990) ("Although in this case a full four-day evidentiary hearing was conducted, in consideration a motion for the appointment of a trustee, a bankruptcy court is not required to conduct a full evidentiary hearing.").

The issue was addressed in at least one case in this district. *See In re Cloudeeva, Inc.*, Bankr. No. 14-24874, 2014 WL 6461514, at *6-7 (Bankr. D.N.J. Nov. 18, 2014). In *Cloudeeva*, the bankruptcy court observed that "court[s] have found that a full evidentiary hearing is not always required, as courts 'enjoy wide discretion under § 1104(a)(2) to appoint a trustee.'" *Id.* at *6 (quoting *Basil St. Partners*, 477 B.R. at 867). More specifically, the *Cloudeeva* court noted,

> Section 1104 provides that the appointment of a trustee may be made only "after notice and a hearing," and that phrase is defined in the Bankruptcy Code as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."

*Id.* (quoting 11 U.S.C. § 102(1)(A)).

This Court is cognizant that the *Cloudeeva* case had previously been remanded by the district court for a full evidentiary hearing; however, that evidentiary hearing related only to a pending motion to dismiss and not to the issue of whether appointment of a chpater 11 trustee was warranted. *See id.* at *1 n.3. Ultimately, the *Cloudeeva* court found that "egregious facts support[ed] the appointment of a chapter 11 trustee." without the need for further hearings on the

issue.

Given the discretion afforded to courts under § 1104(a)(2), the absence of any controlling case law requiring an evidentiary hearing, considering the persuasive non-binding case law which expressly states that no evidentiary hearing is required, and the application of § 1104(a)(2) by courts in this district, this Court concludes that no evidentiary hearing is required prior to the appointment of a chapter 11 trustee. Rather, a bankruptcy court must simply find—in its discretion—that appointment of a trustee is warranted.

B. **Appointment of a Trustee in the Interest of Creditors**

Although the Bankruptcy Court was not required to hold an evidentiary hearing, it nonetheless was required to base its decision on evidence. The Court finds that by permissibly taking judicial notice of certain facts, the Bankruptcy Court possessed the quantum of evidence necessary to support its finding under § 1104(a)(2) that, in light of the level of acrimony between the parties, the appointment of a chapter 11 trustee would be in the creditors' best interests.

A bankruptcy court must order the appointment of a chapter 11 trustee "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." 11 U.S.C. § 1104(a)(2). A bankruptcy court that observes "deep seeded conflict and animosity between a debtor and its creditors" is justified in finding that "the appointment of a trustee in the best interests of the parties and the estate." *Marvel*, 140 F.3d at 474. The hallmarks of so-called "acrimony" include "deep-seeded conflict and animosity," the presence of "serious conflicts," a high likelihood of "gridlock," observable "friction," and "legalistic bickering." *Id.* (quoting *Petit v. New England Mortg. Servs., Inc.*, 182 B.R. 64, 70 (D. Me. 1995); *In re Colo.-Ute Elec. Ass'n*, 120 B.R. 164, 176 (Bankr. D. Colo. 1990); *In re The Bible Speaks*, 74 B.R. 511, 512 (Bankr. D. Mass. 1987)).

Having observed the hallmarks of acrimony in this case, the Bankruptcy Court did not abuse its discretion by appointing a chapter 11 trustee. The Bankruptcy Court observed that the Debtors and their creditors "exhibited extreme animosity toward one another as evidenced by, among other things, their frequent discovery disputes, the ongoing litigation [in] multiple jurisdictions[,] and numerous accusations of wrongdoing both pre- and post-petition." (ECF No. 25-1, at APP0034.) The Bankruptcy Court determined "that the contentious relationship [between the parties] would result in a constant drain on the administration of this estate," because "[t]he ongoing litigation, continuing battles regarding discovery[,] and disputes over claims and plan treatment will cause exceeding delay and increased administration expenses." (ECF No. 25-1, at APP0034.) This is exactly the situation *Marvel* envisioned would justify a finding that the appointment of a trustee would be in the creditors' best interest. On this record, the Bankruptcy Court did not abuse its discretion by appointing a trustee under § 1104(a)(2).

This analysis does not end the Court's inquiry, because the Debtors raise a threshold question: whether the Bankruptcy Court, having declined to hold an evidentiary hearing, had *any* evidence to justify its decision. This Court finds that the Bankruptcy Court properly considered the history of proceedings and the conduct of the parties in this case because the Bankruptcy Court was entitled to take judicial notice of the proceedings and the parties' conduct.

Under the Federal Rules of Evidence,[2] "[a] judicially noticed fact must be one not subject to reasonable dispute [and] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Under this definition, a court may take judicial notice of its own records and of the proceedings in the case before it. *See, e.g.*,

---

[2] "The Federal Rules of Evidence . . . apply in cases under the [Bankruptcy] Code." Fed. R. Bankr. P. 9017.

*Dunyan v. Pa. Dep't of Corr.*, No. 1:16-CV-02103, 2017 WL 3509243, at *8 (M.D. Pa. Aug. 16, 2017). This Court reviews the Bankruptcy Court's "decision whether to take judicial notice of certain facts . . . for abuse of discretion." *In re NACH, Inc. Sec. Litig.*, 306 F.3d 1314, 1323 (3d Cir. 2002).

The Bankruptcy Court properly took judicial notice of each of the items of evidence on which it relied to find that the appointment of a chapter 11 trustee would be in the creditors' best interest. Because the Bankruptcy Court is itself present during hearings and conferences, the Bankruptcy Court may appropriately take judicial notice of the parties' acrimonious in-court conduct—conduct the Bankruptcy Court personally observes. Judicial notice is also appropriate for the Bankruptcy Court's reliance on the history of discovery disputes, accusations of wrongdoing, and other ongoing litigation because each of these facts is reflected in filings on the Bankruptcy Court's docket—filings which the Bankruptcy Court may judicially notice.

The Bankruptcy Court did not abuse its discretion by taking judicial notice of the history of the proceedings before it and the behavior of the parties during those proceedings. Accordingly, the Bankruptcy Court possessed the quantum of evidence necessary to support its finding under § 1104(a)(2).

### C. Choice of Trustee

In addition to appealing the Bankruptcy Court's order authorizing the appointment of a chapter 11 trustee, MicroBilt also appealed a separate order approving the appointment of Matthew Cantor as that trustee. However, neither MicroBilt nor any other party argued on appeal that, if the appointment of a chapter 11 trustee was appropriate, then the Bankruptcy Court erred by approving the choice of Matthew Cantor as that trustee and should have instead required the appointment of another person. Accordingly, this Court does not disturb the Bankruptcy Court's

approval of Matthew Cantor's appointment.  *See In re Revstone Indus. LLC*, 690 F. App'x 88, 90 (3d Cir. 2017) (holding that arguments not made on appeal are waived).

**IV.	CONCLUSION**

For the reasons set forth above, the November 6, 2018 Bankruptcy Court order (ECF No. 1-1) directing the appointment of a chapter 11 trustee is **AFFIRMED**, and the November 15, 2018 Bankruptcy Court order (ECF No. 1-2) approving the appointment of Matthew Cantor as the chapter 11 trustee is likewise **AFFIRMED**.  An appropriate Order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  November 27, 2019